UNITED STATES of America, Plaintiff,

v.

INTERNATIONAL BROTHERHOOD OF TEAMSTERS, et al., Defendants.

No. 88 Civ. 4486 (DNE).

United States District Court, S.D. New York.

June 18, 1996.

*MEMORANDUM & ORDER*

EDELSTEIN, District Judge:

This Memorandum and Order emanates from the voluntary settlement of an action commenced by plaintiff the United States of America ("the Government") against, *inter alia,* defendants International Brotherhood of Teamsters ("IBT") and the IBT's General Executive Board embodied in the voluntary consent order entered March 14, 1989 ("Consent Decree"). The goal of the Consent Decree is to rid the IBT of the hideous influence of organized crime through a two-phased implementation of the Consent Decree's various remedial provisions. In the first phase of the Consent Decree, these provisions provided for three court-appointed officers: the Independent Administrator to oversee the Consent Decree's provisions, the Investigations Officer to bring charges against corrupt IBT members, and the Election Officer to supervise the electoral process that led up to and included the 1991 election for International Union office. In the second phase of the Consent Decree, the Independent Administrator was replaced by a three-member Independent Review Board. Further, paragraph 12(D)(ix) of the Consent Decree provides that "the union defendants consent to [an] Election Officer, at Government expense, to supervise the 1996 IBT Elections."

By Stipulation and Order dated February 7, 1995, the Consent Decree was amended to reflect the parties' agreement regarding the means of implementing Paragraph 12(D)(ix) of the Consent Decree, which pertains to supervision of the 1995–1996 IBT International Union Delegate and Officer Election. *See* Stipulation & Order Implementing Paragraph 12(D)(ix) of the March 19 [sic], 1989 Consent Decree (S.D.N.Y. Feb. 7, 1995) ("the February 1995 Order"). The February 1995 Order states that "it is the intention of the Government and the IBT that the Election Officer function in 1996 as similarly as possible to the 1991 Election Officer." *Id.* at 2. The February 1995 Order confers upon the 1996 Election Officer ("the Election Officer") "all rights and duties conferred upon the 1991 Election Officer by paragraph 12 of the Consent Decree," *id.* ¶ 1, including "the au-

thority granted by Paragraph 12(I) of the Consent Decree to make applications to the Court, after giving notice to specified parties." *Id.* ¶ 3(c).

Pursuant to the Election Officer's authority under the Consent Decree and the February 1995 Order, the Election Officer submitted for this Court's approval Election Officer Application I, which presented for this Court's review the proposed rules for the 1995–1996 IBT International Union and Delegate Officer Election ("the Rules"). IBT Local 1150 filed objections to the proposed rules. In an Opinion and Order dated August 22, 1995, this Court adopted the proposed rules in their entirety. *See* Opinion & Order, 896 F.Supp. 1349 (S.D.N.Y.1995). IBT Local 1150 appealed this Court's decision.

Although Local 1150 argued on appeal that this Court erred in denying five of the Local's objections to the proposed rules, the Second Circuit summarily rejected four of these objections as "quibbles." *United States v. International Bhd. of Teamsters,* 86 F.3d 271, 273–74 (2d Cir.1996). The Second Circuit also found, however, that Local 1150 had raised a colorable challenge to Article VIII, Section 8(e) of the Rules, which states:

> For the purpose of assuring compliance with the *Rules,* every Union-financed publication to be mailed or otherwise distributed to the membership between October 1, 1996 and December 20, 1996 shall be submitted to the Election Officer by the publishing body for review and approval prior to publication.

The Second Circuit found that "[a]s presently drafted, Article VIII, Section 8(e), is rather broad." 86 F.3d at 274. The appellate court stated that "[t]here is nothing in the Consent Decree or in its underlying purpose that would justify a rule allowing broad censorship by the Election Officer." *Id.* The Court noted, however, that both the Government and the Election Officer had represented that "the intent of that provision is considerably narrower than its language." *Id.* The Government and the Election Officer asserted that Article VIII, Section 8(e) is "intended only to prevent Union-financed publications from endorsing or supporting particular candidates for Union Office. Specifically, it is to ensure compliance with Article VIII, Sections 8(a) and 11(b)–(c) and Article XII, Sections 1(b)(1) and (3) of the Rules, which broadly prohibit the use of Union funds to support or oppose particular candidates." *Id.* The court found that "[s]o narrowed ... Article VIII, Section 8(e), is well within the scope of the Election Officer's authority." *Id.* at 274.

The Second Circuit held that "[a]s modified above, the Rule is a valid exercise of the Election Officer's authority under the Decree." *Id.* at 275. The court found, however, that "a remand is necessary to amend the Rule explicitly to state its limited scope: review and approval of Union publications is solely for the purpose of enforcing Article VIII, Sections 8(a) and 11(b)–(c) and Article XII, Sections 1(b)(1) and (3)." *Id.* at 274.

Accordingly, this Court must modify Article VIII, Section 8(e) of the Rules in order to narrow the scope of this provision in a manner consistent with the Second Circuit's recent decision. After carefully reviewing that decision, this Court holds that Article VIII, Section 8(e) is amended to read as follows:

> In order to ensure compliance with Article VIII, Sections 8(a) and 11(b)–(c) and Article XII, Sections 1(b)(1) and (3) of the Rules, every Union-financed publication to be mailed or otherwise distributed to the membership between October 1, 1996, and December 20, 1996, shall be submitted to the Election Officer by the publishing body for review and approval prior to publication. Review and approval of Union publications is solely for the purpose of enforcing Article VIII, Sections (8)(a) and 11(b)–(c) and Article XII, Sections 1(b)(1) and (3).

**SO ORDERED.**